UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>                Plaintiff,<br><br>     - against -<br><br>FIRST HORIZON NATIONAL CORP., *et al.*,<br><br>                Defendants. | 11 Civ. 6193 (DLC) |
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>                Plaintiff,<br><br>     - against -<br><br>ALLY FINANCIAL INC., *et al.*,<br><br>                Defendants. | 11 Civ. 7010 (DLC) |

**MEMORANDUM OF LAW IN SUPPORT OF THE
SETTLING PARTIES' JOINT MOTION FOR ORDERS OF
<u>VOLUNTARY DISMISSAL WITH PREJUDICE AND BAR ORDERS</u>**

[Counsel listed on next page]

QUINN EMANUEL URQUHART & SULLIVAN,
LLP
51 Madison Avenue
New York, New York  10010
(212) 209-8980

KASOWITZ BENSON TORRES & FRIEDMAN
LLP
1633 Broadway
New York, New York  10019
(212) 506-1700

*Attorneys for Plaintiff Federal Housing Finance
Agency*

- and -

SPEARS & IMES LLP
51 Madison Avenue
New York, New York  10010
(212) 213-6996

*Attorneys for Defendant UBS Securities LLC*

New York, New York
August 2, 2013

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................1

ARGUMENT ..................................................................................................................4

I.      THE MOTION TO VOLUNTARILY DISMISS AND/OR DROP CLAIMS
AGAINST UBS SECURITIES IN THE *FIRST HORIZON* AND *ALLY* ACTIONS
WITH PREJUDICE SHOULD BE GRANTED...............................................................4

II.     THE PROPOSED BAR ORDERS ARE CONSISTENT WITH SECOND
CIRCUIT LAW AND SHOULD BE ENTERED ...........................................................4

        A.     The Proposed Bar Orders Both Serve the Public Interest and Protect the
Rights of Non-Settling Parties ...............................................................................4

        B.     The Settlement Agreement's Confidentiality Provisions Protect the Rights
of All Parties in the Actions..................................................................................9

CONCLUSION...............................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Black Radio Network, Inc. v. NYNEX Corp.*,
   44 F. Supp. 2d 565 (S.D.N.Y. 1999)................................................................4

*City of Hartford v. Chase*,
   942 F.2d 130 (2d Cir. 1991)...........................................................................10

*Denney v. Deutsche Bank AG*,
   443 F.3d 253 (2d Cir. 2006)............................................................................5

*Eichenholtz v. Brennan*,
   52 F.3d 478 (3d Cir. 1995)..............................................................................5

*Gambale v. Deutsche Bank AG*,
   377 F.3d 133 (2d Cir. 2004)............................................................................9

*Gerber v. MTC Elec. Techs. Co.*,
   329 F.3d 297 (2d Cir. 2003).....................................................................5, 6, 8

*Harvey Aluminum, Inc. v. American Cyanamid Co.*,
   203 F.2d 105 (2d Cir. 1953)............................................................................4

*ISC Holding AG v. Nobel Biocare Fin. AG*,
   688 F.3d 98 (2d Cir. 2012)..............................................................................4

*In re Ivan F. Boesky Sec. Litig.*,
   948 F.2d 1358 (2d Cir. 1991)...........................................................................5

*King Cnty. v. IKB Deutsche Industriebank AG*,
   2012 WL 3114930 (S.D.N.Y. Aug. 1, 2012).......................................................5

*King Cnty. v. IKB Deutsche Industriebank AG*,
   2012 WL 3553775 (S.D.N.Y. Aug. 17, 2012)....................................................10

*In re Tamoxifen Citrate Antitrust Litig.*,
   466 F.3d 187 (2d Cir. 2006)............................................................................5

*United States v. Glens Falls Newspapers, Inc.*,
   160 F.3d 853 (2d Cir. 1998).......................................................................5, 10

*Wald v. Wolfson (In re U.S. Oil & Gas Litig.)*,
   967 F.2d 489 (11th Cir. 1992) .........................................................................5

*In re WorldCom, Inc. ERISA Litig.*,
   339 F. Supp. 2d 561 (S.D.N.Y. 2004).........................................................4-5, 8

*In re WorldCom, Inc. Sec. Litig.*,
   2004 WL 2591402 (S.D.N.Y. Nov. 12, 2004).....................................................5

*In re WorldCom, Inc. Sec. Litig.*,
  2005 WL 591189 (S.D.N.Y. Mar. 14, 2005) ....................................................5, 6, 8

*In re WorldCom, Inc. Sec. Litig.*,
  2005 WL 613107 (S.D.N.Y. Mar. 15, 2005) ...............................................................2

*In re WorldCom, Inc. Sec. Litig.*,
  2005 WL 2010153 (S.D.N.Y. Aug. 23, 2005) ............................................................7

*In re WorldCom, Inc. Sec. Litig.*,
  2005 WL 3369215 (S.D.N.Y. Dec. 12, 2005) ............................................................8

*In re WorldCom, Inc. Sec. Litig.*,
  2006 WL 240282 (S.D.N.Y. Jan. 31, 2006) ...............................................................8

*In re WorldCom, Inc. Sec. Litig.*,
  2006 WL 470575 (S.D.N.Y. Feb. 16, 2006) ...........................................................6, 8

## Federal Rules

Fed. R. Civ. P. 21 .............................................................................................................1, 4

Fed. R. Civ. P. 41(a) ..............................................................................................................4

Fed. R. Civ. P. 41(a)(2) .....................................................................................................1, 4

## Treatises

7 Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 1688 (2d ed. 1986)......................4

Plaintiff Federal Housing Finance Agency ("FHFA"), as conservator for the Federal

National Mortgage Association and the Federal Home Loan Mortgage Corporation, and

Defendant UBS Securities LLC ("UBS Securities," and together with FHFA, the "Settling

Parties"), pursuant to Federal Rules of Civil Procedure 21 and/or 41(a)(2), respectfully submit

this memorandum of law in support of their joint motion for entry of orders of voluntary

dismissal with prejudice and bar orders in *Federal Housing Finance Agency v. First Horizon*

*National Corp., et al.*, 11 Civ. 6193 (DLC) (S.D.N.Y.) (the "*First Horizon* Action"), and *Federal*

*Housing Finance Agency v. Ally Financial Inc., et al.*, 11 Civ. 7010 (DLC) (S.D.N.Y.) (the "*Ally*

Action").

## PRELIMINARY STATEMENT

FHFA and UBS Americas, Inc., UBS Real Estate Securities Inc., UBS Securities,

Mortgage Asset Securitization Transactions, Inc., David Martin, Per Dyrvik, Hugh Corcoran,

and Peter Slagowitz (together, the "UBS Defendants") have agreed to resolve all claims brought

by FHFA against the UBS Defendants in the above-captioned Actions, as well as in *Federal*

*Housing Finance Agency v. UBS Americas Inc., et al.*, 11 Civ. 5201 (DLC) (S.D.N.Y.) (the

"*UBS* Action"), and *Federal Housing Finance Agency v. Countrywide Financial Corp., et al.*, 12

Civ. 1059 (MRP) (C.D. Cal.).  A stipulation of dismissal was filed with this Court in the *UBS*

Action on July 26, 2013.

While the UBS Defendants are the only defendants named in the *UBS* Action, UBS

Securities is one of several defendants in the *First Horizon* and *Ally* Actions.  The other

defendants named in the *First Horizon* and *Ally* Actions are not parties to the settlement.  A term

of the settlement as it pertains to the *First Horizon* and *Ally* Actions, where fewer than all

defendants are settling, is that the parties shall seek the entry of appropriate orders barring claims

by other defendants and other alleged tortfeasors against UBS Securities for contribution or

indemnity in connection with the securities in those Actions covered by the settlement.  As this Court has recognized, unless UBS Securities can obtain global "peace" from such claims, a settlement involving fewer than all defendants and alleged tortfeasors is not practical or economically feasible.  *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 613107, at *5 (S.D.N.Y. Mar. 15, 2005) (Cote, J.).

The proposed Orders of Voluntary Dismissal with Prejudice and Bar Orders (the "proposed Bar Orders") in relation to the *First Horizon* and *Ally* Actions are appended as Exhibits A and B, respectively, to the Declaration of Christopher W. Dysard, dated August 2, 2013 ("Dysard Declaration" or "Dysard Decl.").  The proposed Bar Orders would in substance (1) bar any claims against UBS Securities for contribution or indemnity, or any other claims to recover all or part of any judgment or settlement against a non-settling defendant, arising out of the claims in the *First Horizon* and *Ally* Actions, (2) bar UBS Securities from asserting claims against any non-settling defendant or other alleged tortfeasors for contribution or indemnity for all or part of UBS Securities' settlement payment in the *First Horizon* and *Ally* Actions, and (3) provide a judgment credit for any non-settling defendant or other alleged tortfeasor to account for UBS Securities' settlement in the two Actions.

The proposed Bar Orders for the *First Horizon* and *Ally* Actions comply with governing Second Circuit precedent and the opinions of this Court concerning the propriety of bar orders entered in connection with partial settlements.  The language of the proposed Bar Orders tracks bar order language approved by this Court in connection with the recent settlement reached in FHFA's actions against the Citigroup defendants, as well as in the WorldCom litigation.  By inclusion of the bar against UBS Securities asserting claims against non-settling defendants or other alleged tortfeasors, together with the judgment credit provisions, the proposed Bar Orders

adequately and fairly protect the interests of the non-settling defendants in these Actions as well as any other alleged tortfeasors not named in this litigation (together, the "Non-Settling Defendants"), while providing UBS Securities with the protection against further exposure necessary to make a settlement feasible in these two multi-defendant actions.

In addition, although the total settlement figure has been publicly disclosed, it is appropriate to maintain the confidentiality of the settlement amounts associated with the bonds at issue so as not to prejudice the Settling Parties in connection with the coordinated RMBS actions pending before this Court and in other jurisdictions (including similar RMBS-related lawsuits brought by other investor plaintiffs).  To effectuate the judgment credit provisions, the proposed Bar Orders provide that certain parties – namely, those Non-Settling Defendants who are sued in connection with the same securities as UBS Securities, their attorneys, and their experts (together, the "Authorized Parties") – will be advised of the amount of the settlement allocated to the bonds at issue upon the entry of a pre-trial order in the relevant action and the agreement to the confidentiality provisions of the applicable proposed Bar Order.  Maintaining the allocation of the settlement amount in confidence will promote the efficient and effective resolution of these Actions as well as the other coordinated RMBS actions pending in this Court and elsewhere while providing any Non-Settling Defendant with the information it needs, upon entry of a pre-trial order, to implement the judgment credit provisions of the proposed Bar Orders.

For all these reasons and those discussed below, the Settling Parties respectfully request that the Court dismiss with prejudice and/or drop the claims against UBS Securities in the *First Horizon* and *Ally* Actions and enter the proposed Bar Orders substantially in the form attached as Exhibits A and B to the Dysard Declaration.

## ARGUMENT

I. **THE MOTION TO VOLUNTARILY DISMISS AND/OR DROP CLAIMS AGAINST UBS SECURITIES IN THE *FIRST HORIZON* AND *ALLY* ACTIONS WITH PREJUDICE SHOULD BE GRANTED**

Pursuant to Rule 41(a)(2) and/or Rule 21 of the Federal Rules of Civil Procedure, the Settling Parties move to voluntarily dismiss with prejudice and/or drop all claims solely as against UBS Securities in the *First Horizon* and *Ally* Actions.[1]  This dismissal does not apply to any other defendant in either of those Actions.  Because "[t]he Court has broad discretion to permit a change in the parties at any stage in the litigation pursuant to Rule 21 of the Federal Rules of Civil Procedure," the Settling Parties respectfully request that this Court grant their request to dismiss or drop UBS Securities as a party to the *First Horizon* and *Ally* Actions.  *Black Radio Network, Inc. v. NYNEX Corp.*, 44 F. Supp. 2d 565, 573 (S.D.N.Y. 1999) (citing 7 Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 1688 (2d ed. 1986)).

UBS Securities agrees to bear its own costs, and FHFA agrees to bear the proportion of the costs it has incurred in the *First Horizon* and *Ally* Actions solely attributable to UBS Securities' presence in these two Actions.  This dismissal does not affect FHFA's claims for costs and fees from the Non-Settling Defendants in these Actions.

II. **THE PROPOSED BAR ORDERS ARE CONSISTENT WITH SECOND CIRCUIT LAW AND SHOULD BE ENTERED**

A. **The Proposed Bar Orders Both Serve the Public Interest and Protect the Rights of Non-Settling Parties**

"The importance of settlement to litigation, particularly complex litigation such as this one, is indisputable."  *In re WorldCom, Inc. ERISA Litig.*, 339 F. Supp. 2d 561, 567 (S.D.N.Y.

---

[1] In *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953), the Second Circuit held that Rule 41(a) could be used by a plaintiff to voluntarily dismiss only an entire "action," not a "claim," and that a party seeking to dismiss only a claim should move to drop a party under Rule 21.  Although later decisions by the Second Circuit have noted "skepticism that *Harvey Aluminum* is still good law," *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 116 (2d Cir. 2012) (collecting cases), out of an abundance of caution the Settling Parties move under both Rules 41(a)(2) and 21.

2004) (Cote, J.).  As the Second Circuit has recognized, "'[w]here a case is complex and expensive, and resolution of the case will benefit the public, the public has a strong interest in settlement.'"  *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 202 (2d Cir. 2006) (quoting *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 856-57 (2d Cir. 1998)), *abrogated on other grounds by FTC v. Actavis, Inc.*, 133 S. Ct. 2223 (2013).

Because "an unlimited right to seek contribution would surely diminish the incentive to settle" in complex cases involving multiple parties, settling parties often include in their settlement agreement a provision that requires the parties to seek an order "that bar[s] contribution and indemnification claims between the settling defendants and non-settling defendants."  *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 591189, at *5 (S.D.N.Y. Mar. 14, 2005) (internal quotation marks and citation omitted).  "Without the ability to limit the liability of settling defendants through bar orders, 'it is likely that no settlements' could be reached."  *Id.* (quoting *In re Ivan F. Boesky Sec. Litig.*, 948 F.2d 1358, 1369 (2d Cir. 1991)); *see also Denney v. Deutsche Bank AG*, 443 F.3d 253, 273 (2d Cir. 2006) (explaining that without bar orders, defendants are unlikely to consent to settlement because such a "settlement would not bring . . . much peace of mind") (internal quotation marks and citation omitted).  Thus, courts in this Circuit and elsewhere routinely enter bar orders to protect settling defendants from claims for contribution or indemnity by non-settling parties.  *See, e.g.*, *Gerber v. MTC Elec. Techs. Co.*, 329 F.3d 297, 307 (2d Cir. 2003); *King Cnty. v. IKB Deutsche Industriebank AG*, 2012 WL 3114930, at *4 (S.D.N.Y. Aug. 1, 2012); *In re WorldCom, Inc. Sec. Litig.*, 2004 WL 2591402, at *15 (S.D.N.Y. Nov. 12, 2004) (Cote, J.).[2]

---

[2] *See also, e.g.*, *Eichenholtz v. Brennan*, 52 F.3d 478, 482 n.8, 487 (3d Cir. 1995) (approving bar order extinguishing claims for contribution and indemnification however denominated); *Wald v. Wolfson (In re U.S. Oil & Gas Litig.)*, 967 F.2d 489, 493 n.2, 496 (11th Cir. 1992) (approving bar order extinguishing all claims for contribution or indemnity against the settling defendants).

Here, the proposed Bar Orders meet the requirements of the Second Circuit and this
Court concerning the permissible scope of settlement bar orders.  The proposed Bar Orders track
the language of the bar orders previously approved by this Court in connection with the
Citigroup defendants' recent settlement of litigation brought by FHFA, *see FHFA v. JPMorgan
Chase & Co., et al.*, 11 Civ. 6188, Dkt. No. 511 (S.D.N.Y. June 24, 2013) (Cote, J.) (Dysard
Decl. Ex. C); *FHFA v. Ally Fin. Inc., et al.*, 11 Civ. 7010, Dkt. No. 571 (S.D.N.Y. June 24, 2013)
(Cote, J.) (Dysard Decl. Ex. D), as well as in connection with partial settlements in the
WorldCom litigation, *see, e.g.*, *In re WorldCom, Inc. Sec. Litig.*, 2006 WL 470575 (S.D.N.Y.
Feb. 16, 2006) (Cote, J.).  The substance of the proposed Bar Orders is also consistent with the
language approved by the Second Circuit in *Gerber*.  Moreover, as the proposed Bar Orders only
relate to the securities in the *First Horizon* and *Ally* Actions as to which UBS Securities was
sued, the impact of the proposed bars is limited and narrowly drawn.

As this Court previously has ruled, orders barring claims against a settling defendant are
permissible under *Gerber* "provided that 'the only claims that are extinguished are claims where
the injury is the non-settling defendants' liability to the plaintiffs.'"  *In re WorldCom, Inc. Sec.
Litig.*, 2005 WL 591189, at *10 (quoting *Gerber*, 329 F.3d at 307).  The proposed Bar Orders
meet this requirement by providing that the Non-Settling Defendants:

> are hereby permanently BARRED, ENJOINED and RESTRAINED from
> commencing, prosecuting, or asserting any claim for contribution or indemnity
> (whether styled as a claim for contribution, indemnity or otherwise) against UBS
> Securities, its present and former parents, subsidiaries, divisions and affiliates, the
> present and former partners, employees, officers and directors of each of them,
> the present and former attorneys, accountants, insurers (but not affecting any
> obligation owed to UBS Securities by any insurer), and agents of each of them,
> and the predecessors, heirs, successors and assigns of each (collectively, the
> "Settling Defendant"), that seeks to recover from the Settling Defendant any part
> of any judgment entered against the Non-Settling Defendants and/or any
> settlement reached with any of the Non-Settling Defendants, in connection with
> any claims that are or could have been asserted against the Non-Settling

6

> Defendants in this Action or that arise out of or relate to any claims that are or
> could have been asserted in this Action, whether arising under state, federal, or
> foreign law as claims, cross-claims, counterclaims, or third-party claims, whether
> asserted in this Action, in any federal or state court, or in any other court,
> arbitration proceeding, administrative agency, or other forum in the United States
> or elsewhere . . . .

(Dysard Decl. Ex. A at 2-3, Ex. B at 2-3.)  This language is identical to the language of bar orders recently approved and entered by this Court in two actions brought by FHFA against multiple defendants, prohibiting all claims for contribution, indemnity, or otherwise by or against a Citigroup underwriter entity.  *See FHFA v. JPMorgan*, Dkt. No. 511, at 2-3 (Dysard Decl. Ex. C); *FHFA v. Ally*, Dkt. No. 571, at 2-3 (Dysard Decl. Ex. D).

Furthermore, by defining "Non-Settling Defendants" to include alleged joint tortfeasors not currently named in the *First Horizon* or *Ally* Actions, the proposed Bar Orders appropriately protect UBS Securities and those alleged joint tortfeasors.  Under the terms of the proposed Bar Orders, "Non-Settling Defendants" includes joint tortfeasors who could later become liable to Plaintiff or any non-settling defendant, by reason of judgment or settlement, for claims that are or could have been asserted in the *First Horizon* or *Ally* Actions.  (Dysard Decl. Ex. A at 2, Ex. B at 2.)  This provides UBS Securities with the necessary protection against any contribution or indemnity claims by any such unnamed alleged tortfeasors, while providing these unnamed alleged tortfeasors with the dual protections of a judgment credit and a bar against UBS Securities suing them for any part of its settlement with FHFA.  This Court previously has approved bar orders extending to parties that are not currently defendants in the immediate action.  *See, e.g.*, *FHFA v. JPMorgan*, Dkt. No. 511, at 2 (Dysard Decl. Ex. C); *FHFA v. Ally*, Dkt. No. 571, at 2 (Dysard Decl. Ex. D); *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 2010153, at *1 (S.D.N.Y. Aug. 23, 2005) (Cote, J.).

Finally, the proposed Bar Orders satisfy the condition that the Non-Settling Defendants be provided with a "provision that gives the non-settling defendants an appropriate right of set-off from any judgment imposed against them." *In re WorldCom, Inc. ERISA Litig.*, 339 F. Supp. 2d at 568. Specifically, pursuant to the formula approved in *Gerber*, 329 F.3d at 302-05, and previously endorsed by this Court, *see, e.g.*, *FHFA v. JPMorgan*, Dkt. No. 511, at 3-4 (Dysard Decl. Ex. C); *FHFA v. Ally*, Dkt. No. 571, at 3 (Dysard Decl. Ex. D),[3] the proposed Bar Orders provide the Non-Settling Defendants with "a judgment credit in an amount that is the greater of a) the amount of [FHFA's] settlement with UBS Securities in this Action allocated to the relevant security . . . , or b) for each such claim, state or federal, on which contribution or indemnity is available, the proportionate share of UBS Securities' fault as proven at trial." (Dysard Decl. Ex. A at 3, Ex. B at 3.)

As noted by this Court, the Second Circuit "unequivocally" held that "'[b]y awarding a credit that is at least the settling defendants' proven share of liability, the non-settling defendants' rights are protected even without a determination of the fairness of the settlement.'" *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 591189, at *8 (quoting *Gerber*, 329 F.3d at 303). Under the terms of the proposed Bar Orders, the Non-Settling Defendants' rights will be protected to an even greater extent: they will obtain the benefit of a judgment credit measured either by UBS Securities' proven share of liability *or* the amounts paid by UBS Securities to resolve the claims asserted against it by FHFA in the *First Horizon* and/or *Ally* Actions – whichever is greater. As this Court repeatedly has concluded in approving bar orders with

---

[3] *See also In re WorldCom, Inc. Sec. Litig.*, 2006 WL 470575, at *2; *In re WorldCom, Inc. Sec. Litig.*, 2006 WL 240282, at *2 (S.D.N.Y. Jan. 31, 2006); *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 591189, at *8; *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 3369215, at *2 (S.D.N.Y. Dec. 12, 2005).

8

similar language, the proposed Bar Orders, therefore, are presumptively fair and reasonable and in all respects conform with governing Second Circuit law and the prior opinions of this Court.

### B.   The Settlement Agreement's Confidentiality Provisions Protect the Rights of All Parties in the Actions

Certain terms of the settlement agreement, relating to the amounts of the settlement allocated to the bonds at issue, are confidential.  As the Second Circuit has made clear, the amounts involved in a settlement may be of particular concern to parties engaged in a compromise of pending litigation, and thus extending confidentiality to such amounts should be encouraged by courts to facilitate and foster settlement.  *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (explaining that there is no established presumption of access with respect to information contained in confidential settlement agreements not filed with the court and that "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage").  This case is no different, as the confidentiality of the allocation of the settlement amount to the bonds at issue is a key part of the settlement.

The Settling Parties recognize that in connection with their request that the Court enter the proposed Bar Orders, it may become necessary in the future, for purposes of the judgment credit provision, for certain Non-Settling Defendants to obtain access to the amounts allocated by FHFA to the claims asserted against UBS Securities in the respective Actions at issue.  The proposed Bar Orders permit the disclosure to the Authorized Parties of the settlement amounts allocated to the particular bonds at issue in the *First Horizon* and *Ally* Actions, upon entry of a pre-trial order in the relevant action.  (Dysard Decl. Ex. A at 4, Ex. B at 3-4.)  The Authorized Parties are limited to those Non-Settling Defendants in the *First Horizon* and *Ally* Actions that were sued in connection with the same securities as UBS Securities, as well as any future defendants that may later be subject to claims in relation to the securities in the *First Horizon*

9

and *Ally* Actions that are the subject of the settlement.  Upon the entry of a pre-trial order in the applicable action, the proposed Bar Orders permit disclosure to the Authorized Parties in the *First Horizon* and *Ally* Actions of the amount of the settlement allocated to the particular bonds at issue, as well as to internal and external counsel, and any experts retained in connection with the relevant action; however, this information will not be disclosed to any of the other defendants in any other action brought by FHFA.  (Dysard Decl. Ex. A at 4, Ex. B at 3-4.)  These provisions accomplish the goal of providing the necessary information to the affected Non-Settling Defendants in those two lawsuits for purposes of the judgment credit provision.

District courts are empowered to prevent access to confidential information relating to settlements "when necessary to encourage the amicable resolution of disputes."  *City of Hartford v. Chase*, 942 F.2d 130, 135 (2d Cir. 1991); *see also Glens Falls Newspapers*, 160 F.3d at 856 (affirming district court order sealing settlement documents and drafts in part because of the Court's responsibility to facilitate prompt and fair settlement "so as to avoid the uncertainty, expense and delay inherent in a trial").  Any interest of defendants in other lawsuits involving private-label securities or litigation brought by FHFA or of the public in obtaining access to the settlement amounts allocated to the bonds at issue in the *First Horizon* and *Ally* Actions is significantly outweighed by the Settling Parties' right to maintain the terms of the settlement in confidence.  The Settling Parties' proposal – to provide the Authorized Parties controlled access to the allocated amounts in the *First Horizon* and *Ally* Actions at such time as it becomes germane to the applicable proposed Bar Order – protects the confidentiality of these terms of the settlement while providing necessary disclosure in advance of trial to those parties in need of obtaining the confidential information for judgment credit purposes.  *See King Cnty. v. IKB Deutsche Industriebank AG*, 2012 WL 3553775, at *1 (S.D.N.Y. Aug. 17, 2012) (denying

defendants' motion to compel disclosure of confidential settlement agreement, noting that "[c]ourts routinely hold that settlement agreements may be withheld until after trial"). This procedure fairly protects the rights of all parties to the *First Horizon* and *Ally* Actions.

## CONCLUSION

Accordingly, for all the reasons set forth above, the Settling Parties respectfully request that the Court enter the proposed Orders of Voluntary Dismissal with Prejudice and Bar Orders in the *First Horizon* and *Ally* Actions.

Dated:    New York, New York                  Respectfully submitted,
          August 2, 2013

QUINN EMANUEL URQUHART &              SPEARS & IMES LLP
SULLIVAN, LLP

By: /s/ Philippe Z. Selendy                   By: /s/ Christopher W. Dysard
Philippe Z. Selendy                           David Spears
(philippeselendy@quinnemanuel.com)            (dspears@spearsimes.com)
Manisha M. Sheth                              Christopher W. Dysard
(manishasheth@quinnemanuel.com)               (cdysard@spearsimes.com)
Jordan A. Goldstein                           51 Madison Avenue
(jordangoldstein@quinnemanuel.com)            New York, New York  10010
51 Madison Avenue                             Tel:  (212) 213-6996
New York, New York  10010                     Fax:  (212) 213-0849
Tel:  (212) 849-7000
Fax:  (212) 849-7100                          *Attorneys for Defendant UBS Securities LLC*

*Attorneys for Plaintiff Federal Housing*
*Finance Agency in Federal Housing Finance*
*Agency v. First Horizon Nat'l Corp.*

KASOWITZ BENSON TORRES &
FRIEDMAN LLP

By: /s/ Marc E. Kasowitz
Marc E. Kasowitz
(mkasowitz@kasowitz.com)
Christopher P. Johnson
(cjohnson@kasowitz.com)
Hector Torres
(htorres@kasowitz.com)
Michael A. Hanin
(mhanin@kasowitz.com)
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
1633 Broadway
New York, New York  10019
Tel:  (212) 506-1700
Fax:  (212) 506-1800

*Attorneys for Plaintiff Federal Housing
Finance Agency in Federal Housing Finance
Agency v. Ally Financial Inc.*